NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250279-U

NOS. 4-25-0279, 4-25-0280 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 13, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JAYDEN R. TURNER-JACKSON, | ) | Nos. 25CF54 |
| Defendant-Appellant. | ) | 25CF55 |
| | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in denying defendant pretrial release.

¶ 2    Defendant, Jayden R. Turner-Jackson, appeals the circuit court's order denying him pretrial release under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3    I. BACKGROUND

¶ 4    This appeal involves two cases. In Livingston County case No. 25-CF-54, defendant was charged with four February 2025 offenses: aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)), possession of a firearm with defaced identification marks (*id.* § 24-5(b)), and two counts of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(2),

(a)(3)(A-5); (a)(2), (a)(3)(C)). In Livingston County case No. 25-CF-55, defendant was charged with two counts of child pornography (*id.* § 11-20.1(a)(6)).

¶ 5        For both cases, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)). The State sought to detain defendant under the dangerousness standard.

¶ 6        At the hearing on the petition, the State provided the following proffer in support of its petition to deny defendant pretrial release:

"On February 27th, 2025[,] at 11 p.m., Pontiac units were dispatched to 20 Myers Court for a threat complaint. The complainant who was identified as [defendant] advised that he had been contacted online by unknown persons who had threatened to beat him up. He advised that he had seen two trucks full of at least 10 to 16 individuals and in addition had seen two firearms, one being a pistol, and one being an AR-styled weapon. While Pontiac police units were investigating, Livingston County Sheriff's Police were dispatched in regards to a person who reported that their truck had been shot twice in the area of Myers Court. [Sixteen-year-old N.N.] advised that he had been in the area of Myers Court with [16-year-old B.W. and 18-year-old Kendall Hartley, who] witnessed a black male exit from behind vehicles in the Tommy Tire parking lot. A male approached them, brandished a pistol and then fired twice ***.

Throughout interviews, it was learned that [16-year-old

A.N. reported to her boyfriend, Hartley], that she had been anally and vaginally raped by [defendant]. They further advised that he had been disseminating videos and possible photos of her performing oral sex on him, engaging in sexual intercourse with him. Hartley in turn created a fake Instagram account to [learn defendant's age]. An online argument then ensued between the defendant and Hartley threatening to fight each other.

Officers reviewed Myers Court camera footage which showed the defendant chasing a white truck, which was found to be occupied by the individuals from Myers Court after the truck was parked near defendant's apartment. He then tells, defendant then tells Hartley to meet him by the mailboxes and that he has a gun. Hartley tells the defendant he has bigger guns and returns to the area, this time with [N.N.] driving another truck. [N.N.] and Hartley parked at the Truth Tabernacle Church and observed the defendant exit from behind the shadows of the Tommy Tire parking lot when he then began opening fire on them, striking [N.N.'s] truck. There were no weapons or firearms ever located on *** Hartley, [N.N.], or B.W. ***."

¶ 7    The State further provided defendant, when interviewed, continued to maintain he was jumped by at least 10 people. Defendant changed his story repeatedly, until he finally admitted there were only two trucks with a few people. Defendant stated N.N. attempted to hit him with the truck, and he fired at the truck in response. Defendant told police where to find the

firearm, and officers located two casings that were the same caliber of ammunition as the firearm. The serial number on the handgun had been defaced. Defendant did not possess a firearm owners identification card or a conceal-carry card. When interviewed, defendant admitted to having sexual intercourse with A.N. at least 10 times before learning her age. He denied taking videos of the sexual activity with A.N. After defendant consented to the use of his phone, officers found two videos of defendant engaged in sexual conduct with A.N. The videos were found in "hidden files on his photo app." Defendant admitted recording the videos but denied disseminating them. He did not know A.N.'s age at the time of sexual intercourse.

¶ 8        The State concluded defendant had one pending case, "a class 4 felony out of Will County." Defendant was released on mandatory conditions.

¶ 9        Defense counsel proffered defendant denied the allegations and would comply with release conditions.

¶ 10        The amended pretrial investigation report appears in the record. Defendant was 19 years old. He resided with his mother in Pontiac, Illinois, and had been at his current address for approximately four years. Defendant had no children. Defendant had a diploma or GED. He was unemployed. The last time he worked was in October 2024 at Walmart, where he was employed for approximately three weeks. Defendant had no history of drug abuse or mental-health issues. At the time of the charged offenses, defendant was on 24 months' court supervision for "Battery/Cause Bodily Harm," a Class A misdemeanor (720 ILCS 5/12-3(a)(1) (West 2022)) and "Criminal Trespass Building" (*id.* § 21-3(a)(1)). Defendant also had a pending charge of "Poss Can/>100-500 Gram/1st," a Class 4 felony, in Will County. Defendant scored 3 out of 14 on the Virginia Pretrial Risk Assessment Instrument—Revised (VPRAI-R). At the hearing, it was agreed defendant's score should have been 2. Defendant's criminal history included using false

identification to purchase tobacco and driving on a suspended license, both Class A misdemeanors.

¶ 11       At the close of the hearing, the circuit court found the State proved its petition by clear and convincing evidence. Defendant was denied pretrial release.

¶ 12       Defendant filed a motion for relief for judgment pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). After the circuit court denied the motion for relief, this appeal followed.

¶ 13                               II. ANALYSIS

¶ 14       On appeal, the Office of the State Appellate Defender elected to stand on the motion for relief and did not file a memorandum. We thus consider the arguments defendant raised in his motion for relief. See Ill. S. Ct. Rule 604(h)(7) (eff. Apr. 15, 2024). In his motion for relief, defendant argued (1) the State failed to prove by clear and convincing evidence the proof is evident or the presumption great he committed a detention-eligible offense and (2) the State failed to prove by clear and convincing evidence no condition or combination of conditions can reasonably mitigate the threat he poses.

¶ 15       Under the Code, all criminal defendants are eligible for pretrial release. See 725 ILCS 5/110-6.1(e) (West 2022). The Code authorizes the State to seek pretrial detention when a defendant has been charged with an eligible offense. See *id.* § 110-6.1(a). When seeking to detain a defendant before trial under the dangerousness standard, the State must prove by clear and convincing evidence, in part, "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(e)(1)) and "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of

the case." *Id.* § 110-6.1(e)(3)(i).

¶ 16        When a circuit court detains a defendant pretrial under the Code, our review of the detention order is either *de novo* or under the manifest-weight-of-the-evidence standard. *People v. Morgan*, 2025 IL 130626, ¶ 54. The standard is set by the manner in which the evidence is presented at the detention hearing. When live testimony is presented, we will not disturb that decision unless it is against the manifest weight of the evidence. *Id.* When, however, no live testimony is presented and the evidence is presented by proffer, our review is *de novo*.

¶ 17        Our review of defendant's pretrial detention is *de novo*. At the detention hearing, the evidence was presented solely by proffer.

¶ 18        We begin with defendant's assertion the State failed to prove by clear and convincing evidence the proof is evident or the presumption great defendant committed a qualifying offense. Defendant's sole argument in his motion for relief on this ground is as follows: "[T]he State proffered that the alleged victim made statements that the offense occurred and the Defendant proffered that he denied that the altercation occurred."

¶ 19        In his motion for relief, defendant did not challenge the contention he was charged with a qualifying offense. In case No. 25-CF-54, defendant was charged with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)), a qualifying offense. See 725 ILCS 5/110-6.1(a)(6)(A) (West 2022). Aggravated discharge of a firearm is committed when a person knowingly or intentionally discharges a firearm toward a person or a vehicle that the person knows or reasonably should know is occupied by a person. 720 ILCS 5/24-1.2(a)(2) (West 2022). Contrary to defendant's assertion, the evidence does not boil down to one's version against another's. The proffer shows multiple witnesses could identify defendant as a shooter. Video evidence established defendant was chasing a white truck. Defendant admitted shooting at

the truck and told police where to find his weapon, which had been defaced. Two casings of the same caliber of ammunition as the firearm were found. The circuit court did not err in finding the State proved by clear and convincing evidence the proof was evident or presumption great defendant committed aggravated discharge of a firearm.

¶ 20 In case No. 25-CF-55, defendant was charged with two counts of child pornography (*id.* § 11-20.1(a)(6)). Child pornography is a qualifying offense under the Code. 725 ILCS 5/110-6.1(a)(5) (West 2022). The offense of child pornography, as charged against defendant, is committed when one, with knowledge of the video's content and the victim's age, possesses video of that minor engaged in sexual penetration or conduct. 720 ILCS 5/11-20.1(a)(6) (West 2022). Defendant's phone was found with videos showing defendant engaged in sexual activity with A.N. Defendant admitted knowing A.N. was a minor. The circuit court did not err in finding the State proved by clear and convincing evidence the proof was evident or the presumption great defendant committed possession of child pornography.

¶ 21 We turn to defendant's argument the State failed to prove by clear and convincing evidence any threat his release poses could not be reasonably mitigated with conditions, such as GPS monitoring. Defendant contended in his motion for relief he would abide by all pretrial conditions. He highlighted he had a full-time job and no previous felony convictions.

¶ 22 The determination of whether a condition or combination of conditions can reasonably mitigate the threat requires an examination of the type and extent of the threat the defendant poses. The Code provides a list of factors to be considered when deciding the danger a defendant poses to the safety of a person or persons or the community. 725 ILCS 5/110-6.1(g) (West 2022). These factors include "[t]he nature and circumstances of any offense charged" (*id.* § 110-6.1(g)(1)), "[t]he identity of any person or persons to whose safety the defendant is

believed to pose a threat, and the nature of the threat" (*id.* § 110-6.1(g)(3)), "[w]hether the defendant is known to possess or have access to any weapon or weapons" (*id.* § 110-6.1(g)(7)), and "[w]hether, at the time of the current offense ***, the defendant was on *** release from custody pending trial" (*id.* § 110-6.1(g)(8)). The circumstances of defendant's qualifying offense show more than a person firing a weapon at another person or an occupied vehicle. Defendant, with a defaced handgun, engaged the victims and fired his weapon at them. Defendant is known to have possessed a weapon. He was also charged with child pornography. Two of the victims of his aggravated assault charge were minors, and one of the victims was in a relationship with A.N., who was the victim of child pornography and who alleged defendant sexually assaulted her.

¶ 23    Defendant poses a real and present threat to not only the victims in these cases, but also to others in the community. Defendant was on pretrial release and conditional discharge when the charged offenses were committed, undermining any argument he will comply with pretrial-release conditions should he be released again. The State proved by clear and convincing evidence no condition or combination of conditions can mitigate that threat.

¶ 24    The circuit court did not err in granting the State's petition to deny defendant pretrial release.

¶ 25                                  III. CONCLUSION

¶ 26    We affirm the circuit court's judgment.

¶ 27    Affirmed.